IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS,
MARSHALL DIVISION

| | | |
|---|---|---|
| ALICE FRETWELL,<br>PLAINTIFF | &#124; | |
| VS. | &#124; | CIVIL ACTION NO. 2:20-cv-18<br>JURY |
| PAUL PETER EISENHARDT and<br>FOUR GRANDS, LLC<br>DEFENDANTS | &#124; | |

## COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

NOW COMES, **ALICE FRETWELL**, Plaintiff, who file this Complaint against Defendants, **PAUL PETER EISENHARDT AND FOUR GRANDS, LLC** and in support thereof would respectfully show the court and jury the following:

### A. JURY DEMAND

1. Plaintiff hereby demands a trial by jury pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

### B. PARTIES AND SERVICE

2. Plaintiff, **ALICE FRETWELL ("FRETWELL")**, is a citizen of Texas and resides in Henderson, Rusk County, Texas.

3. Defendant, **PAUL PETER EISENHARDT ("EISENHARDT")**, is an individual who may be served with process in accordance with Rule 4 of the Federal Rules of Civil Procedure by

personally serving a copy of the Summons and of the Complaint on **PAUL PETER EISENHARDT** at 70 Lakewood Loop 7, Hattiesburg, MS 39402-9699.

4. Defendant, **FOUR GRANDS, LLC ("FOUR GRANDS"),** is a Mississippi Limited Liability Company who may be served with process in accordance with Rule 4 of the Federal Rules of Civil Procedure by personally serving a copy of the Summons and of the Complaint on its registered agent for service Willie B. Sims, Jr, CPA, PLLC, 502 Broadway Drive, Hattiesburg, MS 39401-6325.

## C. JURISDICTION & VENUE

5. The jurisdiction of this Court attached under the provisions of 28 U.S.C. § 1332 in that the amount in controversy exceeds, exclusive of interest and cost, the sum of Seventy-Five Thousand and No/100 Dollars($75,000.00) and the parties are citizens of different states.

6 This Court has venue pursuant to 28 U.S.C. § 1391(a) because jurisdiction is based on diversity of citizenship and the Eastern District of Texas is the judicial district where a substantial part of the events and omissions giving rise to this claim occurred within the Eastern District of Texas.

## D. AGENCY/RESPONDEAT SUPERIOR

7. Whenever it is alleged in this Petition that the Defendant(s) did any act or thing, it is meant that their agents, servants, employees, parent agents, ostensible agents, agents by estoppel and/or representatives did such act or thing, and at the time such act or thing was done it was done with their authorization or was done in the normal routine course of the agency or employment of the Defendant(s).

## E. FACTS

8. Plaintiff brings this suit to recover for personal injuries sustained by Plaintiff in a collision in Smith County, Texas, with a vehicle operated by Defendant, **PAUL PETER EISENHARDT**, who while in the course and scope of his employment with **FOUR GRANDS, LLC.** Such accident happened on or about the 31st day of May, 2018. The collision in question was proximately caused by Defendant's negligence as more particularly set forth below. Such accident occurred in Smith County, Texas, on Interstate 20 when Defendant, **EISENHARDT,** while operating a Freightliner semi-truck pulling a trailer failed to control his speed striking the rear of the vehicle occupied by Plaintiff.

9. At all times material hereto, Defendant **EISENHARDT** was employed by **FOUR GRANDS.**

10. At all times material hereto, Defendant **EISENHARDT,** was in the course and scope of his employment with Defendant **FOUR GRANDS.**

11. At all times material hereto, Defendant **EISENHARDT** was engaged in the furtherance of Defendant **FOUR GRANDS'** business.

12. At all times material hereto, Defendant **EISENHARDT** was engaged in accomplishing a task for which he was employed by Defendant, **FOUR GRANDS**.

13. At all times material hereto, Defendant **EISENHARDT** was negligent in the operation of the vehicle owned by Defendant **FOUR GRANDS**.

14. Defendant **FOUR GRANDS** is liable for the action of Defendant **EISENHARDT** under the theory of *respondeat superior*.

15. Defendant **EISENHARDT** was hired by Defendant **FOUR GRANDS** in furtherance of the business of Defendant **FOUR GRANDS** at the time of the wreck. These acts and/or omissions constitute negligence and/or negligence per se and were a proximate cause of the injuries sustained by Plaintiff **ALICE FRETWELL**.

## F. CAUSES OF ACTION

16. At the time and on the occasion in question, and immediately prior thereto, Defendant, **PAUL PETER EISENHARDT**, was negligent/negligent per se at the time and place in question and such negligence/negligence per se was a proximate cause of the collision. The acts of negligence/negligence per se of Defendant **EISENHARDT** include, but are not limited to, the following:

   a. failure to keep such lookout as a person of ordinary prudence would use under the same or similar circumstances;

   b. failure to pay the degree of attention or ordinary prudence as a person would use under the same or similar circumstances;

   c. failure to pay the degree of attention or ordinary prudence as a person would use under the same or similar circumstances;

   d. driving the vehicle without regard for the safety and welfare of the other persons or property as an ordinary prudent person would have under the same or similar circumstances;

   e. operating the vehicle in a manner inconsistent with the manner in which an ordinarily prudent person would have operated the vehicle under the same or similar circumstances;

   f. driving the vehicle recklessly with willful or wanton disregard for the safety of person or property in violation of Texas Transportation Code §545.401;

   g. in failing to maintain an assured clear distance between vehicles (when following a vehicle) in violation of §545.062(a) of the Texas Transportation Code; and

h.    in committing other acts of negligence, all of which were a proximate cause of the occurrence in question.

17.    At all times relevant herein, **EISENHARDT**, the employee of **FOUR GRANDS** was negligent and/or negligent per se and caused the injuries and damages sustained by Plaintiff.

### G. NEGLIGENCE PER SE

18.    Pleading further, Plaintiff would show that the Defendant **EISENHARDT'S** conduct violated specific provisions of law, including, but not limited to Texas Transportation Code §§ 545.401 and 545.062 and 49 C.F.R. § 392.2 of the Federal Motor Carrier Safety Act, which were enacted for the protection of the law abiding public, a class to which the Plaintiff is a member, and by reason thereof, Defendant **EISENHARDT** was negligent in the operation of the truck as a matter of law, and such negligence per se singularly or in combination with other acts, was the proximate cause of the occurrence made the basis of Plaintiff's causes of action.

### H. LIABILITY OF DEFENDANT FOUR GRANDS, LLC: NEGLIGENCE AND NEGLIGENT HIRING, TRAINING, RETENTION AND SUPERVISION

19.    **PAUL PETER EISENHARDT** was an employee/statutory employee of Defendant, **FOUR GRANDS, LLC** and was in the course and scope of his employment at the time of the collision. The negligence/negligence per se of Defendant, **EISENHARDT** is therefore imputed to the Defendant **FOUR GRANDS**. The negligence/negligence per se of Defendant **FOUR GRANDS**, both directly and vicariously, was the proximate cause of the collision in question, pursuant to the legal doctrine *respondeat superior*.

19.    In the alternative, Defendant, **FOUR GRANDS** is responsible for the negligent acts and/or omissions of Defendant **EISENHARDT** because at the time and place in question,

Defendant **EISENHARDT** was operating a commercial vehicle in interstate commerce and he, as well as Defendant **FOUR GRANDS** were therefore subject to the Federal Motor Carrier Safety Regulations. Accordingly, at all relevant times hereto, Defendant **EISENHARDT** was a statutory employee of Defendant **FOUR GRANDS.**

20.  Moreover, Defendant **FOUR GRANDS** failed to provide its driver, **EISENHARDT**, with adequate training.

## I. DAMAGES

21.  As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, **ALICE FRETWELL**, was caused to suffer damages in excess of the minimum jurisdictional limits of this court.

22.  As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, **ALICE FRETWELL** have incurred the following damages:

1.  Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in East Texas;

2.  Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

3.  Physical pain and suffering in the past;

4.  Mental anguish in the past;

5.  Physical pain and suffering in the future;

6. Mental anguish in the future;

7. Physical impairment in the past; and

8. Physical impairment which, in all reasonable probability, will be suffered in the future;

By reason of all of the above, Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of the court and for which this lawsuit is brought.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff request that Defendants be cited to appear and answer, and that on final trial hereof Plaintiff have and recover of and from the Defendants:

1. Judgment against Defendants joint and severely for Plaintiff's damages in a sum in excess of the minimum jurisdictional limits of this court, with interest at the legal rate from the date of judgment;

2. Interest after judgment at the maximum legal rate until paid;

3. Pre-judgment interest as allowed by law;

4. Cost of suit; and

5. Such other and further relief to which Plaintiff may be justly entitled and for which he will ever pray.

Respectfully submitted,

PHENIX & CRUMP, PLLC
P. O. DRAWER 1005
HENDERSON, TEXAS 75653
(903) 657-3595
(903) 657-3598 FAX NO.
J. R. "RUSTY" PHENIX
STATE BAR # 1598300
rusty@phenixlawfirm.com
CARY CRUMP
STATE BAR #90001754
cary@phenixlawfirm.com

BY:   /s/ J. R. "Rusty" Phenix
      J. R. "RUSTY" PHENIX
      *Attorneys for Plaintiff*

**PLAINTIFF RESPECTFULLY DEMANDS A TRIAL BY JURY**